**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Bruns,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-22-01819-PHX-DWL<br><br>**ORDER** |

This is a Social Security appeal. On January 26, 2023, the Court referred the matter to Magistrate Judge Metcalf for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 15.) On September 28, 2023, Judge Metcalf issued an R&R concluding that the ALJ's decision should be reversed and that the matter should be remanded for further proceedings. (Doc. 33.) Afterward, Plaintiff filed timely objections to the R&R, arguing that the proper remedy is a remand for calculation of benefits. (Doc. 34.) The Commissioner disagrees and urges the Court to adopt the R&R's recommended disposition. (Doc. 36.)

For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and this matter is remanded for further proceedings.

**DISCUSSION**

I.    <u>Legal Standard</u>

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for

the disposition" of a dispositive matter. *Id.*

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

"In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no

1 objection at all.").

2 II.     Relevant Background

3 In the underlying decision, the ALJ acknowledged that Plaintiff had the severe impairments of "knee dysfunction, depression, post-traumatic stress disorder, and anxiety" but concluded that Plaintiff was not disabled.  (AR at 17-25.)  In reaching this conclusion, the ALJ declined to fully credit Plaintiff's symptom testimony (*id.* at 19-20) and evaluated the opinions of several medical sources (*id.* at 20-23).  Two of those medical sources, Drs. Huggins and Ahmad, opined that Plaintiff had disabling mental limitations, but the ALJ deemed those doctors' opinions "not persuasive" in part.  (*Id.* at 20-21.)  In contrast, the ALJ concluded that the opinion of a "State agency consultant," Dr. Salk, who "stated [Plaintiff] is able to perform one to two step tasks on a sustained basis," was "consistent and supported by the evidence."  (*Id.* at 22.)[1]  Similarly, with respect to Dr. Dalton, the state agency psychological consultant "[a]t the reconsideration level," the ALJ deemed "persuasive" Dr. Dalton's opinion that Plaintiff "is able to remember basic workplace locations and procedures and simple instructions."  (*Id.* at 23.)[2]  Additionally, the ALJ concluded that the opinions of Dr. Lovett, a consultative examiner, were "persuasive" and further supported a finding of non-disability.  (*Id.* at 22.)

In his opening brief, Plaintiff raises three assignments of error: (1) the ALJ erred by concluding that the opinions of Dr. Lovett supported a finding of non-disability, because "Dr. Lovett assessed limitations that would limit [Plaintiff's] ability to sustain work activity"; (2) the ALJ provided legally insufficient reasons for discrediting the opinions of Drs. Huggins and Ahmad; and (3) the ALJ provided legally insufficient reasons for discrediting Plaintiff's symptom testimony.  (Doc. 19.)

In the response brief, the Commissioner concedes error as to the ALJ's challenged

---

[1] Although the ALJ's decision does not identify Dr. Salk by name, Dr. Salk is identified in the underlying records as the state agency psychological consultant who opined that Plaintiff "is able to perform 1- to 2-step tasks on a sustained basis." (AR at 67.)

[2] Although the ALJ's decision does not identify Dr. Dalton by name, Dr. Dalton is identified in the underlying records as the state agency psychological consultant at the reconsideration level. (AR at 78-97.)

findings regarding Drs. Huggins and Ahmad and regarding Plaintiff's symptom testimony but argues that a remand for further proceedings, rather than a remand for calculation of benefits, is the appropriate remedy. (Doc. 27.) Among other things, the Commissioner argues:

> Plaintiff has also failed to show that the evidence, credited as true, would require a finding that he was disabled. Even if the record is free of conflicts, gaps, or ambiguities, the third prong of the credit-as-true rule is only satisfied when it would be "clear from the administrative record that the ALJ would be required to award benefits." Here, . . . there are questions about Dr. Huggins' opinion based upon her psychological testing because state agency consultant Dr. Salk thought Plaintiff's score on a validity test (PAI) suggested that Plaintiff's profile might not be valid. In addition, the prior administrative finding from Dr. Dalton, credited as true, does not establish that Plaintiff was disabled. Dr. Dalton found Plaintiff could perform simple and routine work with limits on interacting with others consistent with the ALJ's RFC. In sum, "the record as a whole creates serious doubt as to whether [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act." A remand for further proceedings is necessary to resolve these outstanding issues.

(*Id.* at 8, citations omitted.)

In his reply brief, Plaintiff argued that a remand for calculation of benefits is the appropriate remedy. (Doc. 26.) Among other things, Plaintiff notes that the answering brief does "not dispute that the limitations assessed by Dr. Lovett would significantly impact [Plaintiff's] ability to sustain even unskilled work" and thus argues that "[t]he Commissioner has forfeited any arguments in defense of this legal error, which provides another basis for this Court's consideration of exercise of its discretion to remand [this] case without rehearing and for payment of disability benefits." (*Id.* at 3.) Plaintiff also argues that "the ALJ did not rate the persuasiveness of Dr. Salk's opinion, so this record does not support placing any reliance or significance on Dr. Salk's comments about Dr. Huggins's testing." (*Id.* at 6.) Finally, Plaintiff acknowledges the existence of a "conflict between the medical opinions" but argues this conflict does not require a remand for further proceedings because "the conflict . . . can be boiled down to this: the agency nonexamining

- 4 -

reviewers, who never laid eyes on [Plaintiff], but limited [Plaintiff] to simple work with limited social interaction (which the ALJ either failed to rate the persuasiveness of, or cherry-picked portions of the opinions to find persuasive) versus the opinions from three different providers that all examined and/or treated [Plaintiff], agency examining psychologist, Dr. Lovett, and treating mental providers, Drs. Ahmad and Huggins, who all concluded that [Plaintiff's] mental impairments and symptoms would preclude his ability to sustain even unskilled work." (*Id.* at 8.)

In the R&R, Judge Metcalf agrees with the Commissioner that the appropriate remedy is a remand for further proceedings. (Doc. 33.) Among other things, Judge Metcalf concluded that further administrative proceedings would be "useful" to resolve unresolved conflicts between Dr. Salk's opinion and Dr. Huggins's opinion and unresolved "disparit[ies] between reported symptoms and Plaintiff's testimony." (*Id.* 4-7.)

III.   The Parties' Arguments

Plaintiff's objections to the R&R (Doc. 34) largely mirror the arguments in his reply brief. In a nutshell, Plaintiff argues that a remand for further proceedings would be inappropriate because (1) "Dr. Salk's comments on Dr. Huggins's evaluation did not create a factual conflict that must be resolved prior to applying the credit-as-true rule, as Dr. Huggins confirmed [Plaintiff] produced a valid profile that resulted in limitations from mental symptoms and impairments that would preclude work . . . [and] Dr. Salk's one-off comments, which the ALJ did not even accept, credit, or adopt, did not provide substantial evidence of non-disability" (*id.* at 4-5); (2) "[t]he fact that this record shows some waxing and waning or even some improvement or stability in [Plaintiff's] mental symptoms over the course of treatment does not provide substantial evidence of a conflict that must be resolved prior to crediting the improperly rejected evidence as true" (*id.* at 5-6); and (3) "[t]he opinion from agency nonexamining reviewer Dr. Dalton did not provide substantial evidence of a conflict that required resolution prior to remand for determination of benefits" because "Dr. Dalton's opinion, provided in April 2019, . . . did not, and could not, take into account later records that showed [Plaintiff's] ongoing and/or increased

1 symptoms that required further medication additions and adjustment" (*id.* at 6-7).

2 In response, the Commissioner argues that all three of these areas of conflict show
3 why further proceedings would indeed be useful. (Doc. 36.)

4 IV.     Analysis

5 Having conducted the required *de novo* review, the Court agrees with Judge Metcalf
6 and the Commissioner that the proper remedy here is a remand for further proceedings.
7 "The credit-as-true analysis has evolved in our circuit over time, thus providing a challenge
8 for application by the district court." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir.
9 2017). As the Ninth Circuit has clarified in recent opinions, "[a]n automatic award of
10 benefits in a disability benefits case is a rare and prophylactic exception to the well-
11 established ordinary remand rule." *Id. See also Treichler v. Comm'r of Soc. Sec. Admin.*,
12 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for
13 further proceedings in all but the rarest cases.").

14 On the merits, "[t]he credit-as-true rule has three steps. First, we ask whether the
15 ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether
16 claimant testimony or medical opinion. Second, we determine whether the record has been
17 fully developed, whether there are outstanding issues that must be resolved before a
18 determination of disability can be made, and whether further administrative proceedings
19 would be useful. And third, if no outstanding issues remain and further proceedings would
20 not be useful, only then do we have discretion to find the relevant testimony credible as a
21 matter of law. Even if all three steps are met, the decision whether to remand a case for
22 additional evidence or simply to award benefits is in our discretion." *Washington v.*
23 *Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up). A district court properly
24 exercises its discretion to remand for further proceedings where "there is serious doubt as
25 to whether [the claimant] is disabled." *Leon*, 880 F.3d at 1048. *See also Brown-Hunter v.*
26 *Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we
27 retain flexibility in determining the appropriate remedy. We may remand on an open
28 record for further proceedings when the record as a whole creates serious doubt as to

whether the claimant is, in fact, disabled within the meaning of the Social Security Act.") (cleaned up).

The credit-as-true rule is inapplicable here. Although step one is satisfied in light of the ALJ's undisputed failure to provide legally sufficient reasons for discrediting certain evidence, step two is not—further administrative proceedings would be useful for a variety of reasons. Most important, there is a conflict between the opinions of Drs. Salk and Dalton, on the one hand, and Drs. Huggins, Ahmad, and Lovett, on the other, that the ALJ must resolve in the first instance. Although Plaintiff has argued it is unnecessary to resolve that conflict because Drs. Salk and Dalton are non-treating physicians whose opinions could not possibly be as persuasive as the opinions of treating and examining physicians such as Drs. Huggins, Ahmad, and Lovett (Doc. 26 at 8), this argument reflects a misunderstanding of the how the new SSA regulations require ALJs to evaluate medical opinion evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies.").[3] Nor is there any merit to Plaintiff's contention that, because the ALJ did not previously address Dr. Salk's criticisms of Dr. Huggins's evaluation, it is unnecessary (and would be improper) to allow the ALJ to address that issue on remand. (Doc. 34 at 4.) In fact, this is exactly the sort of circumstance where a remand for further proceedings would be useful. *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014) (rejecting the claimant's argument that "because the ALJ's reasons for discrediting her testimony and Dr. Riley's assessment are legally insufficient, we have no choice but to . . . remand for an award of benefits" and concluding that a remand for further proceedings was the appropriate remedy because, even though "Claimant may be disabled," "evidence in this record not discussed by the ALJ" cast serious doubt on the claim of disability). Finally, there is also no merit to Plaintiff's contention that, due to the

---

[3] The new regulations apply to applications filed on or after March 27, 2017. Because Plaintiff filed his application on August 17, 2018 (AR at 13), the new regulations are applicable here.

lapse in time between the issuance of Dr. Dalton's opinions and the development of other evidence, it is unnecessary to allow the ALJ to address, in the first instance, the conflicts between Dr. Dalton's opinions and that other evidence. (Doc. 34 at 7 ["Dr. Dalton's opinion, provided in April 2019, did not provide substantial evidence of a conflict when it did not, and could not, take into account later records that showed [Plaintiff's] ongoing and/or increased symptoms that required further medication additions and adjustments, the assessments from Drs. Huggins and Ahmad, and [Plaintiff's] symptom testimony, which were consistent across the board."].) After all, "[t]here is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time." *Meadows v. Saul*, 807 F. App'x 643, 647 (9th Cir. 2020). Perhaps the ALJ will conclude, on remand, that the time lapse is a reason for resolving the conflict in Plaintiff's favor, but that is a decision the ALJ must make in the first instance. *Id.* ("[A]lthough the non-examining state agency physicians did not review any evidence beyond August 2014, the ALJ did not err in giving great weight to the physicians' opinions.").

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's objections to the R&R (Doc. 34) are **overruled**.

(2) The R&R (Doc. 33) is **adopted**.

(3) The decision of the ALJ is **reversed** and this matter is **remanded for further proceedings**.

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 26th day of October, 2023.

Dominic W. Lanza
United States District Judge