**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Bruns,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-22-01819-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for EAJA fees (Doc. 39) and memorandum in support thereof (Doc. 40). The motion is granted and fees are awarded in the amount of $9,377.21.

## BACKGROUND

On October 24, 2022, Plaintiff filed the complaint for judicial review of the final decision of the Commissioner of Social Security denying claims for disability benefits under the Social Security Act. (Doc. 1.) The case was assigned to a Magistrate Judge. (Doc. 4.) The Court filed "instructions to all parties," along with a consent form, explaining that "[c]onsent to proceed before a Magistrate Judge is voluntary and no adverse consequences of any kind will be felt by any party or attorney who objects to the assignment of a case to the Magistrate Judge." (*Id.* at 1.)

On January 25, 2023, a party elected to have the case assigned to a district judge. (Doc. 14.)

On January 26, 2023, the case was reassigned by random draw to the undersigned.

(Doc. 15.) The case was then referred back to the Magistrate Judge for all pretrial proceedings, such that, pursuant to 28 U.S.C. § 636(b)(1), the Magistrate Judge was required to "file a written report and recommendation for final disposition by the referring District Judge." (*Id.*)

On January 27, 2023, the Commissioner filed an answer. (Doc. 16.)

On February 27, 2023, Plaintiff filed the opening brief. (Doc. 19.) The brief set forth the underlying facts and history of the proceedings, argued that the administrative law judge ("ALJ") committed materially harmful errors, and asserted that the appropriate remedy was a remand for calculation of benefits, or in the alternative, for further administrative proceedings. (*Id.*)

On May 5, 2023, following two unopposed extension requests (Docs. 20-23), the Commissioner filed the answering brief, which also purported to be a "countermotion to remand." (Doc. 24.)[1] In this brief/countermotion, the Commissioner "concede[d] error in the ALJ's decision" but argued that "reversal with remand for further administrative proceedings . . . is the only appropriate remedy . . . ." (*Id.* at 9.)

On May 19, 2023, Plaintiff filed the reply brief, which also served as a response to the Commissioner's "countermotion to remand for further proceedings." (Doc. 26.)

On June 26, 2023, the Magistrate Judge ordered the Commissioner's countermotion "stricken as unauthorized." (Doc. 27.)[2]

Later that day, the Commissioner filed a motion seeking leave to file an amended answering brief, the only change to which was omission of the language in the title of the document indicating that it was also a "countermotion." (Doc. 28.)

On July 25, 2023, the Magistrate Judge granted the motion for leave to file an amended answering brief. (Doc. 29.) That same day, the Commissioner filed the amended answering brief. (Doc. 30.)

---

[1] This filing was refiled, with a proposed order, later that day. (Doc. 25.)

[2] The Magistrate Judge misinterpreted Plaintiff's May 19, 2023 filing as a separate "countermotion" and struck that as well. (Doc. 27.) But Plaintiff's filing did not purport to be a countermotion; it was a response to the Commissioner's "countermotion to remand for further proceedings." (Doc. 26.)

On August 15, 2023, the Magistrate Judge ordered Plaintiff to either file an amended reply brief or a notice advising that Plaintiff stands on his previously filed reply brief. (Doc. 31.)

On August 21, 2023, Plaintiff filed a notice indicating that because the Commissioner's amended answering brief did "not alter or add any substantive arguments/defenses from [those] advanced by the Commissioner in her original answering brief," Plaintiff stood on his May 19, 2023 reply brief. (Doc. 32.)

On September 28, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the case be remanded for further administrative proceedings. (Doc. 33.)

On October 12, 2023, Plaintiff filed a timely objection to the R&R. (Doc. 34.)

On October 26, 2023, the Commissioner filed a response. (Doc. 36.)

That same day, the Court overruled Plaintiff's objection and adopted the R&R, reversing the decision of the ALJ and remanding the case for further administrative proceedings. (Doc. 37.) The Clerk entered judgment. (Doc. 38.)

On January 23, 2024, Plaintiff filed the pending motion for attorneys' fees under the Equal Access to Justice Act ("EAJA") and a supporting memorandum. (Docs. 39, 40.)

On February 5, 2024, the Commissioner filed a response in opposition to Plaintiff's motion. (Doc. 41.)

On February 9, 2024, Plaintiff filed a reply. (Doc. 42.)

**DISCUSSION**

I.  Legal Standard And The Parties' Positions

"The [EAJA] instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Doc. 41), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL

7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine whether the requested award is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[3]

The parties dispute whether the amount of time Plaintiff's counsel billed was reasonable. The reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any Social Security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases

---

[3] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

involving the same issues might nevertheless require different amounts of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136.

Plaintiff initially requested $9,010.28 in EAJA attorneys' fees. (Doc. 40 at 4; Doc. 40-2 at 2-4.) The Commissioner opposes the amount of fees requested and asserts that "the Court should exclude the 12.6 hours spent between May 18, 2023 and October 26, 2023 in opposing Defendant's offer to settle the matter by remanding for further proceedings" (Doc. 41 at 9) and additionally seeks a 0.7 hour reduction "for clerical time" and a 1.1 hour reduction for the "routine tasks" of reviewing court orders and opposing counsel's filings and email correspondence (*id.* at 12-14). Alternatively, the Commissioner argues that the Court should deny fees entirely because "special circumstances make an award of EAJA fees unjust in this case. (*Id.* at 9.)

In reply, Plaintiff argues that the Commissioner "has failed to show that [his] requested fees for opposing the remand for further proceedings were unreasonable," that editing substantive legal writing is not a clerical task, and that it is "injudicious to squabble about" Plaintiff's counsel "selecting the lowest increment of attorney billable time (.1 or six minutes) to complete various tasks to allow [Plaintiff's] counsel to keep apprised of this case's development through the course of litigation." (Doc. 42 at 6-7)

II.     Analysis

     A.     **The Commissioner's Challenge To Fees After An "Offer" Of Remand**

This is not the first case in which the Court has faulted the Commissioner for filing a procedurally improper motion seeking remand for further proceedings. *See, e.g.*, *Dickson v. Commissioner of Social Security Administration*, 2:20-cv-00931-DWL, Doc. 16 ("To the extent Defendant intended for its filing at Doc. 14 to function as both a 'motion to remand' and as an answering brief, this was improper. LRCiv 16.1 requires the parties to observe a specified briefing procedure in Social Security appeals. That procedure involves the filing of an opening brief, an answering brief, and a reply brief. Dispositive motions

(such as a 'motion to remand') are not allowed. Additionally, Defendant's motion does not stipulate to the same remedy that Plaintiff seeks—Defendant only agrees to a remand for further proceedings, whereas Plaintiff's opening brief requests a remand for a computation of benefits. Allowing Defendant to tuck this disputed request into a motion, rather than an answering brief, would effectively allow Defendant to have the final word (by filing a reply in support of the motion), even though LRCiv 16.1 contemplates that the plaintiff in a Social Security appeal will have the final word."); *Rangel v. Commissioner of Social Security Administration*, 2:19-cv-00875-DWL, Doc. 21 (same); *Clark v. Commissioner of Social Security Administration*, 3:19-cv-08128-DWL, Doc. 27 ("Plaintiff argues that the Commissioner's 'new tactic' of filing motions to remand in lieu of answering briefs 'goes a pleading too far,' in that it circumvents the local rules providing that the Commissioner must file an answering brief 'and unfairly attempts to provide the Commissioner with an extra opportunity to argue the agency's case' by purporting to invite a response to the 'motion,' with an added chance for the Commissioner to file a 'reply' in support of its 'motion.' The Court agrees with Plaintiff that this approach violates LRCiv 16.1(a). Moreover, it violates the Court's scheduling order."); *Clark v. Comm'r of Soc. Sec. Admin.*, 2020 WL 8679850, *2 (D. Ariz. 2020) ("The Commissioner's litigation strategy in this matter is unfortunate.").[4]

Nor is this the first case in which the Commissioner has sought a reduction of a plaintiff's requested EAJA fees under the theory that a plaintiff should not be able to recuperate any fees for work performed in seeking a remand for benefits once the Commissioner concedes that a remand for further proceedings is warranted. *McCormick v. Comm'r of Soc. Sec. Admin.*, 2022 WL 3139936, *3 (D. Ariz. 2022) ("In essence, not only has the Commissioner persisted in filing a procedurally-barred 'motion for remand'—which, at this point, after filing the same motion in other cases and repeatedly having its infirmities noted by the Court, is clearly frivolous—now the Commissioner intends to use

---

[4] In *Dickson*, *Rangel*, and *Clark*, after the Court denied the Commissioner's procedurally-barred motion for remand and then ultimately resolved each appeal by remanding for further proceedings, the Commissioner stipulated to granting EAJA fees.

- 6 -

that motion as grounds for seeking a reduction in EAJA fees."). The new twist here—at least new to the undersigned—is that the Commissioner is characterizing her concession as a "settlement offer." This characterization is unavailing and does not alter the analysis this Court undertook in *McCormick*:

> To be sure, the Court ultimately remanded for further proceedings, rather than for benefits, which is the outcome the Commissioner wanted. But if the Commissioner wished to file a motion for remand, the time to do that was *before* filing an answer (and therefore before the drafting and filing of the opening brief), pursuant to sentence six of 42 U.S.C. § 405(g).[5] The Commissioner did not do so. Thus, Plaintiff filed an opening brief, which sought a determination that the ALJ erred and argued that the case should be remanded for benefits after application of the credit-as-true rule, or, in the alternative, for further administrative proceedings. The Commissioner's filing was merely a *concession* that Plaintiff was entitled to a remand for further administrative proceedings, combined with an opposition to a remand for benefits. The Court construed this opposition as the answering brief, and Plaintiff had the opportunity to reply, as set forth by the scheduling order. The Commissioner attempts to recast the Court's order remanding for further proceedings as a win for the Commissioner, but the victory is Plaintiff's, even though she didn't get everything she requested. The Court rejects the strange assertion that by filing a procedurally-barred motion for remand instead of the required answering brief, the Commissioner somehow made it unreasonable for Plaintiff to file the reply brief permitted by the scheduling order. . . . In essence, the Commissioner argues that once the Commissioner conceded that remand was warranted, Plaintiff needed to *truncate* the litigation by forfeiting her right to file a reply brief and stipulating to less than the relief her opening brief sought.

*Id.* at *3-4 (citations omitted).

In the same way that "filing a procedurally-barred motion for remand" cannot make it unreasonable for Plaintiff to file the reply brief permitted by the scheduling order, an "offer" to remand for further proceedings cannot make it unreasonable either. So long as Plaintiff had non-frivolous arguments supporting his request for a remand for benefits, it was not unreasonable to refuse to stipulate to lesser relief. *See, e.g., Hopkins v. Kijakazi*, 2023 WL 2425006, *1-2 (D. Ariz. 2023) (explaining that "a rejected offer to remand for further proceedings provides no reason to reduce a fee award" and declining to reduce an EAJA fee award under analogous circumstances because the remand for further

---

[5]  Sentence six states as follows: "The court may, on motion of the Commissioner of Social Security made for good cause shown *before the Commissioner files the Commissioner's answer*, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g) (emphasis added).

- 7 -

administrative proceedings still "reflected a partial victory for Plaintiff," "courts in this circuit have acknowledged that if counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be encouraged to pursue that remedy," and "[t]he Court's decision not to award all of the relief Plaintiff requested does not change the fact that her appeal reversed an unfavorable outcome and produced new proceedings") (cleaned up); *Wright v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6781308, *1 (D. Ariz. 2020) ("[T]he Court rejects the Commissioner's arguments that Plaintiff expended unnecessary resources by seeking an award of benefits, rather than remand."); *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) ("It is of little, if any consequence that Plaintiff preferred summary judgment over remand.  Material errors were made during administrative proceedings and Plaintiff maintained that summary judgment was the appropriate remedy for correcting these errors, whereas Defendant believed that remand was proper.  Plaintiff's reasons for seeking summary judgment and opposing remand were legally sound and not at all frivolous."); *Alvey v. Comm'r of Soc. Sec. Admin.*, 2022 WL 375848, *6 (D. Ariz. 2022) ("[J]ust because the Court rejects an argument does not mean the argument was unreasonable and that fees should be reduced."); *Caggiano v. Comm'r of Soc. Sec. Admin.*, 2021 WL 2779499, *3 (D. Ariz. 2021) ("Plaintiff's opposition to remand was reasonable because it was based on a genuine belief that an award of benefits could be obtained.  In Plaintiff's view, clear material errors in the ALJ decision warranted a finding of disability. . . .  That the Commissioner, and ultimately this Court, disagreed does not mean Plaintiff's position was unreasonable."); *Hooker v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4024643, *4 (D. Ariz. 2017) ("Here, Plaintiff argued for either remand or summary judgment . . . . Plaintiff was victorious when the Ninth Circuit ordered the case remanded.  It is irrelevant in the case of attorneys' fees whether Plaintiff preferred summary judgment over remand, because a remand constitutes substantial relief.  As such, the Court finds that Plaintiff won substantial relief when her claim was remanded and her attorneys' fees should not be reduced on grounds of limited success.").

Plaintiff also cannot be penalized for filing an objection to the R&R. As noted in the "instructions to all parties" that were filed at the inception of this case, "[c]onsent to proceed before a Magistrate Judge is voluntary and no adverse consequences of any kind will be felt by any party or attorney who objects to the assignment of a case to the Magistrate Judge." (Doc. 4 at 1.) Because a party objected to the assignment of this action to the magistrate judge, the parties were entitled to have it decided by a district judge. Once this case was referred back to the magistrate judge, filing an objection to the R&R was the only way to procure a decision from the district judge presiding over the case. The objection was not a separate appeal; it was a normal and expected development in the litigation due to the referral to the magistrate judge. The R&R was not a final order; this litigation ended—with a victory for Plaintiff—when the undersigned adopted the R&R.

The bottom line is that once the Commissioner was served with the complaint, she had a choice to make—file a motion seeking remand for further proceedings *before* filing an answer, pursuant to sentence six of 42 U.S.C. § 405(g), or file an answer and then litigate the case to its resolution. The Commissioner chose the latter option. If the Commissioner takes the position, after reviewing the opening brief, that remand for further proceedings is warranted, this is merely a partial concession, not a settlement offer. Such a partial concession guarantees Plaintiff relief of some sort. It does not bind Plaintiff to the limited relief the Commissioner would prefer.

The cases on which the Commissioner relies are inapposite. In *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011), the Ninth Circuit upheld a district court's decision to reduce an award for attorneys' fees where the appellants initially rejected a settlement offer of $32,000, which was less than 8% of the opening demand of $425,000, and then later settled for that same amount. The Ninth Circuit agreed with the reasoning in *Lohman v. Duryea Borough,* 574 F.3d 163, 167 (3d Cir. 2009), in which the plaintiff rejected a settlement offer of $75,000 and was ultimately awarded $12,205 by a jury and the Third Circuit "noted that the plaintiff would 'have achieved a much greater level of success if [he] had settled the case'" and held that "it is permissible for a district court to consider

settlement negotiations in measuring the litigant's success for purposes of awarding attorney fees." *Ingram*, 647 F.3d at 927. Here, the Commissioner never offered Plaintiff any amount of money to settle this case. A partial concession that the case must be remanded cannot be recast as "settlement negotiations."

Nor does *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998), support the Commissioner's position. There, a plaintiff prevailed in the district court, winning a remand for further proceedings, but then "[d]espite prevailing in the district court to the extent that the agency decision was vacated and the case remanded, [the plaintiff] appealed to the Court of Appeals, again claiming that he was entitled to an outright award of benefits, rather than a remand [for further proceedings]." *Id.* at 987. The Ninth Circuit "affirmed the district court's decision," such that the plaintiff's position "was not advanced by the appeal." *Id.* The plaintiff then sought EAJA fees that included $10,000 for pursuing the unsuccessful appeal, which the district court granted. *Id.* The Commissioner appealed the EAJA award, and the Ninth Circuit concluded that "the district court was required to consider the results achieved on appeal when determining whether those fees were reasonable." *Id.* at 989. Here, Plaintiff has not appealed the Court's decision to the Ninth Circuit. The only proceeding at issue, for the purposes of the EAJA fees motion, is the district court proceeding, in which Plaintiff prevailed. *See also Hopkins*, 2023 WL 2425006 at *2 ("The Court's decision reflected a partial victory for Plaintiff. . . . The Court's decision not to award all of the relief Plaintiff requested does not change the fact that her appeal reversed an unfavorable outcome and produced new proceedings.").[6]

---

[6] The Court recognizes that some district courts have reached conclusions to the contrary without acknowledging the distinctions noted above. *See, e.g.*, *Carr v. Colvin*, 2014 WL 7447739, *4 (D. Or. 2014) ("[B]ecause Carr's refusal to accept the Commissioner's request for remand and the results from subsequent disputed work did not accomplish any substantial advancement in his position, time spent opposing the Request was not reasonably expended."); *Hicks v. Saul*, 2019 WL 4803218, *3 (D. Or. Oct. 2019) (relying on *Carr*); *Kimberly R. v. Saul*, 2020 WL 4059709, *2 (D. Or. 2020) (relying on *Hicks*). But the prevailing view in this district favors Plaintiff's position. *See, e.g.*, *Hopkins*, 2023 WL 2425006 at *1-2; *Penrod*, 54 F. Supp. 2d at 963; *Wright*, 2020 WL 6781308 at *1; *Alvey*, 2022 WL 375848 at *6; *Caggiano*, 2021 WL 2779499 at *3; *Rogers v. Comm'r of Soc. Sec. Admin.*, No. CV-18-0245-PHX-DMF, Doc. 38 at 2-3 (D. Ariz. 2019) ("Although this Court ultimately did not agree that the matter should have been remanded for a benefits award, it does not find that Plaintiff's counsel's time to draft a reply was unreasonable, or that it would be unjust to allow it. Accordingly, the Court

When determining whether Plaintiff is entitled for fees for continuing to advance arguments in favor of a remand for calculation of benefits after the Commissioner has conceded error and taken the position that a remand for further proceedings is appropriate, the "key question . . . is whether Plaintiff's belief in her right to [calculation of benefits] was reasonable," *Gutierrez v. Colvin*, 2015 WL 254642, *1 (D. Ariz. 2015)—in other words, whether Plaintiff's arguments were "non-frivolous." *Wright*, 2020 WL 6781308 at *1. "Non-frivolous" is a low bar—many losing arguments are nevertheless non-frivolous. *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421-22 (1978) ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). "Frivolous" means lacking legal points that are "arguable on their merits" or lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, the Court concluded that "[t]he credit-as-true rule is inapplicable" because "further administrative proceedings would be useful" to resolve a conflict between various opinions. (Doc. 37 at 7.) Although the Court concluded there was "no merit" to Plaintiff's arguments in favor of a remand for calculation of benefits (Doc. 37 at 7-8), that verbiage was intended to convey only that the arguments failed on their merits, not that the arguments were not "arguable on their merits" or lacked "an arguable basis either in law or in fact." Plaintiff developed his arguments in depth and cited authority that supported them, demonstrating that Plaintiff's arguments were "arguable" even though they did not ultimately win the day.

In sum, the Commissioner's concession that the ALJ committed harmful error and resulting position that a remand for further proceedings was warranted—whether expressed in an invitation to stipulate to remand for further proceedings, in an unauthorized motion for remand filed after the opening brief, and/or in the answering brief—does not make it

concludes that Plaintiff was entitled to file her reply brief seeking award of benefits, rather than stipulating to remand on Defendant's offered terms.").

unreasonable for Plaintiff to continue seeking his preferred relief. The Commissioner's request to reduce the EAJA fee award on this basis is denied.

### B.     **Special Circumstances**

In the alternative, the Commissioner asserts that "the Court should exercise its broad discretion to find that special circumstances make an award of EAJA fees unjust in this case." (Doc. 41 at 9.) However, no special circumstances are identified aside from the proposition that Plaintiff rejected the Commissioner's "request to remand for further administrative proceedings" (*id.* at 11), which, as discussed above, Plaintiff could permissibly do. Furthermore, there is no explanation for why EAJA fees should be denied in their entirety—including fees incurred before the Commissioner "offered" to remand for further proceedings. The Commissioner's alternative request is rejected.

### C.     **Clerical And Unnecessary Tasks**

Time billed for clerical tasks should not be included in an EAJA award, because such tasks should be subsumed in firm overhead rather than billed. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). This is true regardless of who does the clerical work—a legal assistant, paralegal, or attorney. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (non-legal work "is not enhanced just because a lawyer does it"); *Neil v. Comm'r Soc. Sec. Admin.*, 495 Fed. App'x. 845, 847 (9th Cir. 2012) (affirming a reduction of fees for "purely clerical tasks such as filing documents and preparing and serving summons" performed by an attorney); *McAnally v. Saul*, 2019 WL 6179217, *2 (D. Alaska 2019) (deducting time billed by an attorney for clerical tasks); *Brandt v. Astrue*, 2009 WL 1727472, *4 (D. Or. 2009) (same); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.").

The Commissioner contends that "the following items appear to include time spent on clerical tasks":

- 2/21/23: Edited and formatted opening brief. Checked legal and record citations and edited for long and short form citations. 1.0 hour attorney time.
- 5/19/23: Edited and formatted reply brief. Checked legal and record

citations, and edited for long and short form citations. .5 hour attorney time.

(Doc. 41 at 12.)

Preparing a brief—including editing it and checking the citations—is, quite obviously, not clerical work. The Commissioner does not develop her argument, but it appears that she takes issue with the word "formatted"—she asserts that the time entries above were "block billed" and that the fee award should be reduced by 0.7 hours, apparently on the premise that time spent "formatting" a brief is not compensable. The Commissioner cites no authority in support of this implied proposition. The Court declines to reduce the award. First, formatting a brief is not difficult and the Court doubts that more than a few minutes, at most, of the 1.5 hours spent editing and cite checking were devoted to formatting. Second, formatting is part of the drafting and editing process, and in the absence of authority to the contrary, the Court believes that it would be purposeless hair-splitting to hold that drafting, editing, and cite-checking are compensable attorney activities but the few moments spent along the way adjusting margins, indenting block quotations, bolding headings, or ensuring that the line spacing is correct should be carved out as non-compensable time.

Next, the Commissioner states that certain "routine tasks" are "excessive, redundant, or otherwise unnecessary" and notes six instances when 0.1 hours were spent reviewing short procedural orders, four instances when 0.1 hours were spent reviewing the Commissioner's filings, and one instance when 0.1 hours were spent reviewing an email from opposing counsel requesting an extension request. These time entries are not excessive, redundant, or unnecessary. "An attorney has an obligation to stay current with [his or] her case," and "[r]eviewing procedural orders, all of which pertain to the progress of the case, is one of the ways to stay current." *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1168 (D. Ariz. 2008). "[R]eviewing Court orders—even very short ones—is not an administrative task, and at any rate, the [0.8] hours billed for reviewing these orders will hardly result in a windfall." *Davis v. Comm'r of Soc. Sec. Admin.*, 2022 WL 2529057, *3 (D. Ariz. 2022). Likewise, there is nothing redundant, excessive, or

unnecessary about reviewing opposing counsel's filings or email correspondence. These tasks, while simple, are nevertheless important, and although they can be done quickly, they do consume a small amount of compensable attorney time.

In the reply brief, Plaintiff notes that the reduction the Commissioner seeks for these time entries—$130—is so small that devoting attorney time "at the rate of $244.00 per hour" to rebutting this argument would be "injudicious." (Doc. 42 at 7.) Plaintiff states that "[i]f the Court deems it reasonable to cut that time as the Commissioner requests, then [he] accepts that reduction." (*Id.*) Nevertheless, Plaintiff's justified unwillingness to devote expensive attorney time to rebutting the Commissioner's rather trifling proposed fee reductions stops short of a concession that the hours spent were unreasonable. Plaintiff notes that "the lowest increment of attorney billable time (.1 or six minutes)" was spent on these tasks and that the tasks were necessary "to keep apprised of this case's development through the course of litigation." (*Id.*) The Court agrees that the tasks were necessary and compensable and that the time expended on them—the lowest billing increment—was appropriate. *Bodine v. Comm'r of Soc. Sec. Admin.*, 2023 WL 243966, *2 n.2 (D. Ariz. 2023) ("[B]illing in six minute increments—and rounding up to the nearest six-minute mark—is the prevailing practice in the local community, and indeed is the well-accepted standard throughout the nation.") (cleaned up). The Court finds that none of the Commissioner's challenges to counsel's billing entries for being clerical or otherwise non-compensable have any merit.

…
…
…
…
…
…
…
…

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for EAJA fees (Doc. 39) is **granted** and Plaintiff is awarded $9,377.21 in attorneys' fees.

**IT IS FURTHER ORDERED** that, pursuant to the parties' stipulation, if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 12th day of April, 2024.

_____
Dominic W. Lanza
United States District Judge